# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT O. DINKINS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-1437 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255[1]. The motion is successive and will be denied and dismissed.

## Background

On July 8, 2015, a one-count indictment charged movant with felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *United States v. Dinkins*, Case No. 4:15-CR-314 ERW (E.D. Mo.).[2] Movant waived his right to a jury trial and requested a bench trial. At trial, the Court found movant guilty and subsequently sentenced him as an Armed Career Criminal to 180 months of imprisonment. With the assistance of counsel, movant filed a timely appeal to the Eighth Circuit Court of Appeals. In his appeal, movant argued that the District Court erred in finding him guilty of being a felon in possession of a firearm because he was legally justified in possessing the firearm to protect himself and the community from imminent danger.

---

[1] Although movant has styled his motion as a motion for habeas corpus brought pursuant to 28 U.S.C. § 2241, he is seeking to overturn his conviction and release from confinement. Thus, his motion must be construed as one brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a).

[2] The Honorable Carol E. Jackson tried movant's criminal case. She has since retired. On February 7, 2020, movant's criminal case was transferred to the undersigned judge.
.

On May 26, 2017, the Eighth Circuit Court of Appeals affirmed the judgment of the District Court. *United States v. Dinkins*, 688 F. App'x 408 (8th Cir. 2017).

On August 22, 2017, movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Dinkins v. United States,* Case No. 4:17-CV-2296 CAS (E.D.Mo.). The Court denied and dismissed the motion to vacate on July 25, 2018. *Id.* Movant did not appeal the judgment.

The Eighth Circuit denied movant's application to file a successive habeas petition on March 29, 2019. *Dinkins v. United States,* No. 18-3334 (8th Cir. 2019).

Movant filed a second motion to vacate on June 11, 2019. *Dinkins v. United States,* 4:19-CV-1688 CAS. In his motion to vacate, movant alleged (1) his counsel was ineffective for failing to raise a claim that his sentence was unconstitutional under *Johnson v. United States*, 559 U.S. 133 (2010); (2) his predicate crimes under the Armed Career Criminal Act did not qualify as "crimes of violence" such that he should have received a Chapter Four Enhancement under the provisions of 18 U.S.C. § 924(e); and (3) in light of the aforementioned arguments he was innocent of the crimes he was convicted.[3] The Court denied movant's motion to vacate as successive and dismissed his action on July 2, 2019. *Id.*

Movant filed a third motion to vacate on June 21, 2019. *Dinkins v. United States*, 4:19-CV-1839 CAS (E.D. Mo.). The Court denied this third motion to vacate as successive and dismissed his action on June 27, 2019.

Movant filed a fourth motion to vacate on July 8, 2019. *Dinkins v. United States*, 4:19-CV-1920 CAS.  In this motion, movant alleged that the recent Supreme Court case of *Rehaif v. United*

---

[3] The Court noted in dismissing his application for relief that movant brought these arguments in his application to file a successive habeas petition in the Eighth Circuit Court of Appeals. *Dinkins v. United States,* No. 18-3334 (8th Cir. 2019).

*States,* 139 S. Ct. 2191 (2019), allowed for a challenge to his conviction and sentence. On July 26, 2019, the Court denied movant's motion, finding that *Rehaif* did not apply to movant. *Id.* The Court stated that regardless of whether *Rehaif* applied, the Court would have to deny movant's fourth motion to vacate as successive. *Id.*

Movant filed a fifth motion to vacate on October 21, 2019. *Dinkins v. United States*, 4:19-CV-2903 ERW. In this motion, movant again alleged that the recent Supreme Court cases of *Rehaif* and *Johnson*, allowed for a challenge to his conviction and sentence. Movant also asserted, in a conclusory fashion, violations of his First, Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments. On February 18, 2020, the Court denied movant's motion, finding that *Rehaif* and *Johnson* did not apply to movant and that his action was a successive action in violation of 28 U.S.C. § 2244(a) and § 2255(h).

Movant filed a sixth motion to vacate on January 27, 2020. *Dinkins v. United States*, 4:20-CV-133 AGF. In his motion, movant sought to modify his sentence under the compassionate release provisions of the First Step Act, 18 U.S.C. § 3582(c). The Court denied his request on March 30, 2020, as movant had not exhausted his administrative remedies with the Bureau of Prisons, nor had he shown that he was entitled to such release.

Movant filed a seventh motion to vacate on May 3, 2021. *Dinkins v. United States*, 4:21-CV-517 ERW. In his motion, movant asserted again that *Johnson*, 559 U.S. 133, and *Rehaif*, 139 S. Ct. 2191, allowed for a new challenge to his conviction and sentence. He also asserted, in conclusory fashion, violations of his First, Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments. Movant's motion to vacate was denied as successive on May 5, 2021. *Id.*

**Discussion**

On December 6, 2021, movant filed the instant motion—his eighth motion to vacate. In this motion, movant asserts once again that *Johnson*, 559 U.S. 133, and *Rehaif*, 139 S. Ct. 2191, allow for a new challenge to his conviction and sentence. He also asserts, in conclusory fashion, violations of his First, Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments.[4]

Under 28 U.S.C. § 2244(a) and § 2255(h), district courts may not entertain a second or successive motion to vacate unless it has first been certified by the Court of Appeals. The instant motion to vacate has not been certified by the Court of Appeals for the Eighth Circuit. As a result, the Court may not grant the requested relief and this action must be denied and dismissed as successive.

Although movant attempts to circumvent the successive nature of his filing by calling it different names throughout the action, he is not permitted to do so.

A movant is not permitted to avoid the AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is. *Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005) (pleading labeled as a Rule 60(b) motion that is in substance a habeas petition "should be treated accordingly"). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls." *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004). Here, the relief movant seeks is available only

---

[4] Movant also asserts that he is entitled to compassionate release and release under the First Step Act. However, movant motioned for, and was denied, compassionate release and release under the First Step Act on July 29, 2021 in his criminal action. *See United States v. Dinkins*, Case No. 4:15-CR-314 ERW (E.D. Mo.) [ECF Nos. 86, 91, 99 and 106]. This ruling was affirmed by the Eighth Circuit Court of Appeals on October 1, 2021. *United States v. Dinkins*, No. 21-3178 (8th Cir. 2021).

through a § 2255 motion. *See* 28 U.S.C. § 2255(a). The Court will, therefore, deny and dismiss the present action as successive.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside or correct sentence is **DENIED AND DISMISSED** as **SUCCESSIVE**.

**IT IS FURTHER ORDERED** that movant's motion to proceed in forma pauperis is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An appropriate order of dismissal will accompany this memorandum and order.

Dated this 13th day of December, 2021.

                                                       */s/ E. Richard Webber*
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE